IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KAIMEL GLENN, #328-757,

    Plaintiff,

    v.                          CIVIL NO.: WDQ-09-2063

N.R. Nurse Charline,

    Defendant.

MEMORANDUM OPINION

Kaimel Glenn sued Nurse Hetty "Charlene" Trenum under 42 U.S.C. § 1983.[1] Paper No. 1. Pending is Trenum's motion to dismiss or for summary judgment and Glenn's motion for injunctive relief. Paper Nos. 17 & 21. For the following reasons, Trenum's motion for summary judgment will be granted and Glenn's motion for injunctive relief will be denied.

I. Background[2]

Glenn is an inmate at the Western Correctional Institution, where Trenum is a nurse. Hetty C. Trenum Aff. ¶ 1, Jul. 12, 2010. In January 2009, Glenn complained of pain and swelling in his left

---

[1] The case style will be amended to state Trenum's correct name.

[2] For this motion for summary judgment, Glenn's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

knee. Def. Mot. Summ. J., Ex. B at 1-3, 5, 9. On January 14, 2009, Glenn requested a knee brace. *Id.* at 2. On January 16, 2009, Trenum first evaluated Glenn and noted that his left knee was slightly swollen and had been wrapped with gauze. *Id.* 1-3. Trenum referred Glenn to Dr. Colin Ottey. *Id.*

On February 4, 2009, Ottey evaluated Glenn. *Id.* 5-6. Ottey prescribed Salsalate, a non-steroidal anti-inflammatory drug, for the pain and referred Glenn to the physical therapy department for further evaluation and treatment. *Id.* 6. Ottey also ordered an x-ray of Glenn's knee, but Glenn refused it. *Id.* 7-8.

The Salsalate prescription was renewed on April 20, 2009. *Id.* at 11. Glenn took the medication sporadically and frequently refused his prescribed dosage. *Id.* 24-31. In November 2009, Glenn received 60 Salsalate tablets that he was allowed to keep in his cell and take as needed. *Id.* 31-32.

On June 20, 2009, Glenn again complained about his knee. *Id.* 12. When he was evaluated by Nurse Trenum three days later, she noted that the left knee was slightly swollen. *Id.* 13. Trenum advised him to apply warm compresses to his knee, continue taking his Salsalate, and return to sick-call if his problem did not improve. *Id.* 13-14. On July 3, 2009, Glenn again complained of knee pain. *Id.* 15. He was called for an evaluation but refused to report to sick-call. *Id.*

Glenn asserts that his knee is "real bad," and Trenum did "nothing to help it at all." Pl.'s Mot. Opp. Summ. J. 1. He

2

contends that he never refused to see a physician, and prison personnel failed to get him a sick-call escort. *Id.* 5. He asserts that he is not receiving pain pills, and states that the Salsalate does not relieve his pain. *Id.* 7, 9. He asserts that it took six months to get a knee brace and that he needs a knee replacement. *Id.* 5, 7, 9. On August 5, 2009, Glenn sued Trenum for violation of his Eighth Amendment rights. Paper No. 1.

II. Analysis

A. Standard of Review

Under Rule 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [its] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court also "must abide by the affirmative obligation of the trial judge to prevent factually

3

unsupported claims and defenses from proceeding to trial," *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

B.  Eighth Amendment Claim

An inmate alleging a denial of medical care in violation of the Eighth Amendment must show that prison personnel were deliberately indifferent to a serious medical condition. *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm." *Farmer*, 511 U.S. at 835. Medical personnel "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id*. at 837. They are not liable if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id*. at 844.

The undisputed evidence is that Glenn has received medical assessment and treatment for his knee since January 2008. *See* Def.'s Mot. Summ. J., Ex. B. He has been evaluated by nurses, physicians and physical therapists. *Id.* He was prescribed Salsalate, referred for x-rays, and received a knee brace. *Id.* 3-4, 7-8, 20. Glenn has provided no evidence from which a reasonable jury could find an Eighth Amendment violation.[3]

---

[3] A party's own self-serving statements, consisting of "conclusory"

4

Glenn's dissatisfaction with the treatment he received is nothing more than a disagreement between medical staff and an inmate about his course of treatment, and does not show a constitutional injury.[4] See *Davis v. Greene*, 2009 WL 3064106, at *13 (S.D. W.Va. Sept. 18, 2009). Accordingly, Trenum's motion will be granted.

III. Conclusion

For the reasons stated above, Trenum's motion for summary judgment will be granted.[5]

September 22, 2010            _____/s/_____
Date                               William D. Quarles, Jr.
                                          United States District Judge

---

statements lacking objective corroboration, are insufficient to defeat summary judgment. *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

[4] Glenn sued Dr. Ottey for the same knee problem; the undisputed evidence was that Glenn received physical therapy and a knee brace. See *Glenn v. Ottey, et al.*, Civil Action No. WDQ-10-1700 (D. Md.). The evidence was that a September 14, 2009 x-ray of Glenn's left knee showed a 2 centimeter partially calcified loose body above Glenn's kneecap and some small spurs of the knee. *Id*. Glenn did not establish a need for surgery. Issues from the more recent diagnoses, testing, and treatment of Glenn's knee may be addressed in *Glenn v. Ottey,* UA-10-460 and *Glenn v. Ottey*, U/A 10-1841, which will be reactivated, assigned to the undersigned judge, and consolidated.

[5] In his motion for injunctive relief, Glenn appears to assert that prison officers have harassed him for filing assault charges against them. Paper No. 21. Glenn seeks no specific injunctive relief. The motion, which does not appear relevant to this case, will be denied.